IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALPHA INNOVATIONS LIMITED, ALPHATEC LIMITED, AND RADIANT ENERGY SYSTEMS LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENERSYS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 22-858 (MN)<br>)<br>)<br>)<br>)<br>) |

## ORDER AFTER PRETRIAL CONFERENCE

AND NOW, this 19th day of January 2024, after a Pretrial Conference and upon consideration of the Proposed Pretrial Order (D.I. 129) and the discussion at the January 16, 2024 Pretrial Conference, IT IS HEREBY ORDERED that:

1. The Proposed Pretrial Order is ADOPTED as modified by any discussion at the Pretrial Conference. (*See* D.I. 136).

2. A bench trial will begin on January 22, 2024, at 9:00 a.m. Trial days will begin at 9:00 a.m. and generally will end at 6:00 p.m., although the end of the trial day may, at the discretion of the Court, be earlier or later than 6:00 p.m.

3. The trial will be timed. Each side is allowed up to nine (9) hours for its opening statement, its direct and cross-examination of witnesses, closing arguments and argument of evidentiary issues. Each side shall reserve at least thirty (30) minutes of its nine (9) hours for closing arguments. Time during the trial day that does not neatly fit into one of those categories will be attributed to one side or the other as the Court deems appropriate.

4. Issues that need to be addressed will be taken up at 8:30 a.m. and at the end of the trial day or at such other time that the Court determines. Issues – including objections to

anticipated exhibits or demonstratives – must be brought to the attention of the Court's judicial administrator and courtroom deputy by 7:00 a.m. on the day on which the evidence objected to will be adduced. There will be thirty to forty-five minutes for lunch and a fifteen-minute break in the morning and in the afternoon.

5. As discussed at the Pretrial Conference, both parties' requests for leave to move for summary judgment (D.I. 111 & 112) are DENIED.

6. For the reasons stated at the Pretrial Conference, Plaintiffs' Daubert Motion to Exclude Defendant's Expert (D.I. 116) is GRANTED-in-PART and DENIED-in-PART[1] and Defendant's Daubert Motion to Exclude the Expert Report and Testimony of Michael Goldman (D.I. 117) is DENIED.

7. For the reasons stated at the Pretrial Conference, Plaintiffs' Motion *in Limine* No. 1 (D.I. 129, Ex. 11) is DENIED, Plaintiff's Motion *in Limine* No. 2 (D.I. 129, Ex. 11) is GRANTED-in-PART and DENIED-in-PART, and Plaintiff's Motion *in Limine* No. 3 (D.I. 129, Ex. 11) is DENIED.

8. For the reasons stated at the Pretrial Conference, Defendant's Motion *in Limine* No. 1 (D.I. 129, Ex. 12) is DENIED.

9. As explained at the Pretrial Conference, the parties may not provide witness binders or physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court, but the parties must provide witness binders to the witnesses. The parties shall provide electronic copies of ALL trial exhibits to the Courtroom Deputy by NOON on January 19, 2024. The trial exhibits must be labeled with JTX, DTX or PTX prefixes with exhibit numbers, and the trial exhibits must

---

[1] Defendant's expert, Howard Shecter, may testify in the limited manner discussed during the Pretrial Conference. (*See* D.I. 136 at 11:1-12:18).

be organized in a single folder. Additionally, at the beginning of each trial day, the parties shall provide to the Courtroom Deputy electronic copies of witness folders containing the exhibits and demonstratives (if any) to be used on direct examination and cross-examination of any witnesses expected to be called that day.

    10.    Any trial logistics should be coordinated through the Courtroom Deputy.

_____
The Honorable Maryellen Noreika
United States District Judge